**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **WILLIAM H. HARWOOD,** | § | |
|     **PETITIONER,** | § | |
| | § | |
| vs. | § | Civil Action No. 4:05-CV-0238-Y |
| | § | |
| **COLE JETER, Warden,** | § | |
| **Federal Medical Center-Fort Worth,** | § | |
|     **RESPONDENT.** | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATIONS**
**OF THE UNITED STATES MAGISTRATE JUDGE**
**AND NOTICE AND ORDER**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The findings, conclusions and recommendations of the United States Magistrate Judge are as follows:

**I. FINDINGS AND CONCLUSIONS**

**A.   NATURE OF THE CASE**

This is a petition for writ of habeas corpus by a federal prisoner pursuant to 28 U.S.C. § 2241.

**B.   PARTIES**

Petitioner William H. Harwood, Reg. No. 03271-063, is a federal prisoner who is confined in the Federal Medical Center in Fort Worth, Texas (FMC-Fort Worth).

Respondent Cole Jeter is Warden of FMC-Fort Worth.

**C.   PROCEDURAL HISTORY**

Harwood is serving federal sentences for use of a communication facility to facilitate a drug offense, use or carrying of a firearm during a drug trafficking crime, and escape. (Resp't Appendix,

Tabs 1-3.) His projected release date is September 3, 2023. *See* U.S. Department of Justice, Federal Bureau of Prisons/Inmate Locator, *available at* http://www.bop.gov. Harwood challenges the Bureau of Prison's calculation of good time credit under 18 U.S.C. § 3624(b).[1] Jeter has filed a response with supporting brief and documentary exhibits, to which Harwood has not replied.

**D.     DISCUSSION**

Harwood contends the Bureau of Prisons is calculating his good time credits in a manner that conflicts with the plain meaning of 18 U.S.C. § 3624(b). (Petition at 1-2; Pet'r Memorandum 1-15.) The statutory provision provides, in relevant part:

> (1)  Subject to paragraph (2), a prisoner who is serving a term of imprisonment of more than 1 year other than a term of imprisonment for the duration of the prisoner's life, may receive credit toward the service of the prisoner's sentence, beyond the time served, of up to 54 days at the end of each year of the prisoner's term of imprisonment, beginning at the end of the first year of the term, subject to determination by the Bureau of Prisons that, during that year, the prisoner has displayed exemplary compliance with institutional disciplinary regulations. Subject to paragraph (2), if the Bureau determines that, during that year, the prisoner has not satisfactorily complied with such institutional regulations, the prisoner shall receive no such credit toward service of the prisoner's sentence or shall receive such lesser credit as the Bureau determines to be appropriate. . . . Subject to paragraph (2), credit for the last year or portion of a year of the term of imprisonment shall be prorated and credited within the last six weeks of the sentence.

According to Harwood, under the Bureau's formula for calculating good time under § 3624(b), a prisoner receives only 47 days good time credit per year, instead of 54 days the prisoner is entitled to under the statute. Harwood contends that the good-time statute unambiguously entitles inmates to 54 days of credit for each year of the sentence imposed, rather than the time the inmate actually serves.

---

[1] Harwood pursued his administrative remedies to no avail. (Resp't Appendix, Tab 5.)

The statute itself, however, makes the grant of good time discretionary by the Bureau and makes clear that the computation of good time credit is an administrative matter within the authority of the Bureau. *See Pacheco-Camacho v. Hood*, 272 F.3d 1266, 1270 (9th Cir. 2001), *cert. denied*, 535 U.S. 1105 (2002). Moreover, contrary to Harwood's assertion, the Bureau's interpretation of § 3624(b) as embodied in 28 C.F.R. § 523.20 and its Program Statement 5880.28 is reasonable and entitled to deference under *Chevron U.S.A., Inc. V. Natural Res. Def. Council, Inc.*, 467 U.S. 837, 844 (1984). *See Sample v. Morrison*, 406 F.3d 310, 312-13 (5th Cir. 2005).[2] Thus, Harwood's challenge to the method of the Bureau's calculation of good time credit is without merit.

Harwood's claim that judicial decisions on this issue impermissibly discriminate against him is equally without merit. In support of his claim, Harwood relies solely on the district court decision in *White v. Scibana*, 314 F. Supp. 2d 834 (W.D. Wis. 2004), which was reversed on appeal. (Pet'r Reply at 7-8.) *White v. Scibana*, 390 F.3d 997, 999-1003 (7th Cir. 2004), *cert. denied*, 125 S. Ct. 2921 (2005). Thus, this case is no authority for his claim and none appears following a review of the cases.

## II. RECOMMENDATION

Based on the foregoing, it is recommended that Harwood's motion for class action and petition for writ of habeas corpus be denied.

---

[2]*See also Yi v. Fed. Bur. of Prisons*, ___ F.3d ___, 2005 WL 1413897, at *7 (4th Cir. June 17, 2005); *O'Donald v. Johns*, 402 F.3d 172, 174 (3rd Cir. 2002); *Perez-Olivo v. Chavez*, 394 F.3d 45, 52-54 (1st Cir. 2005); *White*, 390 F.3d at 999-1003; *Pacheco-Camacho*, 272 F.3d at 1268-72; *James v. Outlaw*, 126 Fed. Appx. 758, 759, 2005 WL 677769, at *1 (8th Cir. Mar. 24, 2005) (not designated for publication in the Federal Reporter); *Brown v. Hemingway*, 53 Fed. Appx. 338, 339, 2002 WL 31845147, at *1 (6th Cir. Dec.16, 2002) (not designated for publication in the Federal Reporter). *But see Moreland v. Fed. Bur. of Prisons*, 363 F. Supp. 2d 882, 889-94 (S.D. Tex. 2005) (not designated for publication in the Federal Reporter).

### III.  NOTICE OF RIGHT TO OBJECT TO PROPOSED
### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document.  The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until August 11, 2005.  The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made.  *See* 28 U.S.C. § 636(B)(1).  Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge.  *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

### IV.  ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until August 11, 2005, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation.  It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED July 21, 2005.

    /s/ Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE